O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SOUTH TECHNICAL DIESEL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5-10-129 |
| | § | |
| VOLVO GROUP NORTH AMERICA, | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Remand. [Dkt. No. 5].[1] After considering the filings of both parties as well as the governing law, the Court **DENIES** Plaintiff's Motion for Remand.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

On November 3, 2010, South Technical Diesel ("Plaintiff") filed a petition against Volvo Group North America, L.L.C., Valley Truck Centers, Inc., and Valley Truck Center of Laredo, L.L.C. (collectively "Defendants") in the 341st District Court of Webb County, Texas. [Dkt. No. 1-2 at 1-14]. Plaintiff's original petition accuses the Defendants of fraud, negligent misrepresentations, negligence, breach of contract, breach of fiduciary duty, deceptive trade practices, a violation of the Theft Liability Act, a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, Malice, and Conspiracy. [*Id*.]. Defendants timely removed the case to this Court based on the fact that Plaintiff's original petition pleads a cause of action that arises under federal law; namely, the RICO claim. [Dkt. No. 1 at 2]; 28 U.S.C. § 1331.

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. The abbreviation "Dkt No." or "Dkt. Nos." (plural) will be used to refer to docket entries in civil case 5:10-129.

Defendants also assert that this Court has jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.  [Dkt. No. 1 at 2].

On December 30, 2010, Plaintiff filed a motion to remand reasoning that the "Court should remand this Case back to state court because state law predominates." [Dkt. No. 5 at 2]. Alternatively, should the Court be unmoved by the "predominance of state law" argument, Plaintiff requests the Court's leave to dismiss the RICO claim by amending its pleading or filing a motion to dismiss.  [Dkt. No. 5 at 3].  On January 19, 2011, Defendants filed Volvo Group North America, L.L.C.'s Response in Opposition to Plaintiff's Motion to Remand.  [Dkt. No. 9]. In its response, Defendants conclude that this Court cannot remand the RICO claim because it was properly removed and is a federal claim which confers removal jurisdiction.  Further, Defendants conclude that Plaintiff's state law claims should not be remanded because they are not sufficiently independent from Plaintiff's RICO claim, and because Plaintiff has not properly dismissed its RICO claim.  [*Id*. at 3-7].

## II.    DISCUSSION

It is axiomatic that the courts of the United States are courts of limited jurisdiction and, consequently, establishing jurisdiction is inflexibly a "threshold matter" that "springs from the nature and limits of the judicial power of the United States." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)); 28 U.S.C. § 1331 (2006).  Federal courts "strictly construe" removal jurisdiction and place the burden of establishing jurisdiction upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  "Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's pleaded complaint[.]" *Bernard v. Whitney Nat. Bank*, 523

F.3d 546, 551 (5th Cir. 2008).

In this case Defendants, as the removing party, point out that Plaintiff's petition specifically alleges a violation of federal law, to wit, a RICO claim. [Dkt. No. 1 at 2]. Thus, the Defendants conclude that this Court, under 28 U.S.C. §§ 1331 and 1441, has removal jurisdiction. [*Id.*]. The Court agrees. Under the well-pleaded complaint rule "the plaintiff is made the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Lorenz v. Texas Workforce Com'n*, 211 Fed.Appx. 242, 244, 2006 WL 3102581, 2 (5th Cir. 2006). That being said, Plaintiff chose not to take this course. The petition in this case clearly indicates that Plaintiff elected to rely on federal law, in addition to state law, in seeking relief. Because the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441.

Plaintiff has asked this Court to remand the entire case, the state claims as well as the RICO claim. [Dkt. No. 5 at 2]. Faced with similar requests, the Fifth Circuit has consistently held that the district court has no discretion to remand claims arising under federal law, even where, as here, the federal claims are few and the state claims are many. *Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008) (citing *Laurents v. Arcadian Corp.*, No. 94-41183, 1995 WL 625394, 69 F.3d 535 (5th Cir. 1995)).

Alternatively, Plaintiff asks the Court's leave to amend its pleading to dismiss the RICO claim and asks that the Court then remand the remaining state claims. Essentially, Plaintiff is asking this Court to allow it to amend its pleading in an effort to divest this Court of jurisdiction. The Fifth Circuit has unequivocally held that "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256,

3

264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). The rationale behind the rule limiting the determination of removal jurisdiction to the claims presented in the state court complaint as it exists at the time of removal is one of efficiency "and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation." *Id.* at 264. Because the RICO claim is a part of Plaintiff's petition as it existed at the time of removal to this Court, the Court will not entertain a request to remove or dismiss the RICO claim in order to remand this case.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is hereby **DENIED**.

IT IS SO ORDERED.

SIGNED this 3rd day of March, 2011 in Laredo, Texas.

                                                                 Micaela Alvarez
                                      UNITED STATES DISTRICT JUDGE